IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TROY ALAN CROMLEIGH,            )
       Plaintiff,              )  C.A. No. 13-172 Erie
                                )
                                )  Magistrate Judge Baxter
                                )

## MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

I. **RECOMMENDATION**

It is respectfully recommended that this case be dismissed for Plaintiff's failure to prosecute.

II. **REPORT**

    A. **Relevant Procedural History**

Plaintiff instituted this action by filing a document entitled "Injunction/Habeas Corpus," yet separately characterizing this action as a "tort action." [ECF No. 1]. The document fails to list any Defendant and fails to specify any discernible claims against any particular individuals or entities. In addition, the document was unaccompanied by either a filing fee or a motion to proceed *in forma pauperis*. As a result, this Court issued an Order on July 1, 2013, requiring Plaintiff to re-file a Complaint identifying the Defendant(s) against whom the action is being brought and specifying the claims alleged against each Defendant, along with either the filing fee or a properly supported motion for leave to proceed *in forma pauperis*, on or before July 22, 2013. [ECF No. 2]. To date, Plaintiff has failed to comply with this Order.

    B. **Discussion**

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis

v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this case due to Plaintiff's failure to prosecute. Since the filing of this matter, Plaintiff has taken none of the necessary steps to prosecute his case. Further, Plaintiff has failed to timely comply with this Court's order. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this stage of the proceedings.

### III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d

Cir. 2007).

                                                  /s/ Susan Paradise Baxter  
                                                  SUSAN PARADISE BAXTER  
                                                  United States Magistrate Judge

Date: August 30, 2013